*1263 OPINION.
Murdock:
Section 204 (a) of the Revenue Act of 1921 provides in part that the term “ net loss ” means only net losses resulting from the operation of any trade or business regularly carried on by the taxpayer. The respondent contends that the loss sustained by the petitioner in 1923 through the payment of the notes of the Tarkiln Manufacturing Co. was not a loss resulting from the operation of any trade or business regularly carried on by him. He relies upon a series of cases which are distinguishable from this case.[1]
The petitioner was regularly engaged in carrying on a business of his own, separate and distinct from the business of the Tarkiln Manufacturing Co. Prior to 1917 a substantial part of his business consisted of the sale of the products of the mill at Tarkiln. In that year the company owning this mill was indebted to the petitioner, and he received the mill in part payment of such indebtedness. In order that he might not lose that portion of his business which consisted of the sale of the products of the Tarkiln mill, he organized a corporation to operate it. The respondent stresses the petitioner’s ownership of the stock of this corporation and urges that the petitioner endorsed the notes in question merely for the purpose of protecting his investment, and not for the purpose of obtaining the business of selling the corporation’s products, because he controlled its output as stockholder without so doing. These contentions are. answered by our findings of fact, which are in accordance with the petitioner’s testimony, that he endorsed the notes to enable the company to operate so that he could continue to'collect commissions for selling its goods. The record discloses no reason to doubt this testimony, and it is corroborated by other evidence in the case. The endorsement of the notes arose as a consequence of the petitioner’s business as a com-. *1264 mission merchant, and the loss sustained thereby was a loss resulting from the operation of that business. Cf. Philip Kobbe Co., 4 B. T. A. 663; Charles H. Van Etten, 8 B. T. A. 611; T. I. Crane, 17 B. T. A. 720; Edward H. Baker, 17 B. T. A. 733; C. C. Huxford, 20 B. T. A. 39. The amount of the net loss for the year 1923, computed in accordance with section 204 (a) of the Revenue Act of 1921, should be allowed as a deduction in computing the petitioner’s net income for 1924, and the excess of such net loss over such net income (computed without such deduction) should be allowed as a deduction in computing his net income for 1925.

Judgment will be entered under Rule 50.

 William J. Robb, 5 B. T. A. 827; R. J. Palmer, 4 B. T. A. 1028; Fridolin Pabst, 6 B. T. A. 843; affd., 36 Fed. (2d) 614; H. J. Gutman, 7 B. T. A. 500; Louis M. Goldberg, 9 B. T. A. 1355; Isadore Finkelstein, 10 B. T. A. 585; J. Kearsley Mitchell, 19 B. T. A. 83; A. Lynton Jones, 19 B. T. A. 447; R. P. Clark, 19 B. T. A. 859; Albert T. Scharps, 20 B. T. A. 246; Wyatt C. Hedrick, 20 B. T. A. 258.